UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Byron Alfredo Lazaro Santos,<br><br>                            Petitioner,<br><br>           -against-<br><br>ICE Immigration (DHS),<br><br>                       Respondent. | 26-CV-3044 (AS)<br><br>ORDER |

ARUN SUBRAMANIAN, United States District Judge:

The petition for a writ of habeas corpus is DENIED. Although the Court understands the burden that detention is placing on petitioner and his family, the petition does not state any valid ground for release.

Petitioner, filing *pro se*, is an alien who was admitted as a lawful permanent resident (LPR). The government argues that his detention is authorized under 8 U.S.C. § 1226(a), which says that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."

Petitioner does not state the grounds under which he seeks release. Nevertheless, "[i]t is well established that the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (emphasis in original; quotation omitted). So the Court considers both statutory and constitutional grounds for potential release.

Considering first the statutory grounds, the Court finds no grounds for release. In this case, a warrant was issued for petitioner's detention. Dkt. 11-2. And petitioner was provided an initial individualized determination of detention, followed by a bond hearing before an immigration judge, where he was denied bond on the ground that he was a danger to the community. Dkts. 11-8, 11-9. That is all that is required under Section 1226(a) and its associated regulations. Absent a legal error, the Court typically cannot review discretionary decisions of immigration judges. 8 U.S.C. § 1226(e).

Further, respondent's contention that petitioner is removable is not without basis. Petitioner pled guilty to child endangerment in violation of New York law. Dkt. 10 ¶ 17. And "[a]ny alien who at any time after admission is convicted of . . . a crime of child abuse, child neglect, or child abandonment is deportable." 8 U.S.C. § 1227(a)(2)(E)(i). To be clear, the Court does not necessarily conclude that child endangerment under New York law matches the federal statutory definition of "child abuse, child neglect, or child abandonment"—a question that will be adjudicated during petitioner's removal proceedings. Rather, Section 1226(a) permits detention "pending a decision" on removal. And given the nontrivial statutory basis for removal, the Court

cannot conclude that the removal proceeding and associated detention are being undertaken in bad faith.

Taken together, petitioner's detention is authorized by statute, and respondents have followed the procedural requirements set forth in the relevant regulations. The Court, however, considers whether petitioner's rights under the Due Process Clause were violated.

At petitioner's bond hearing, the immigration judge placed the burden on him to justify release. *See* Dkt. 11-8 at 10:24 (stating that petitioner "ha[d] not met [his] burden"). Many district courts have concluded that putting the burden on the petitioner violates the petitioner's due process rights. *See Darko v. Sessions*, 342 F. Supp. 3d 429, 435 (S.D.N.Y. 2018) (collecting cases). Instead, the courts have concluded that the government should bear the burden by clear and convincing evidence.

The Court has not previously ruled on the issue, and need not do so here. Even if due process required the burden to be on the government by clear and convincing evidence, it is clear that any constitutional error did not prejudice petitioner. *See Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (requiring a showing a prejudice for a due-process claim in an immigration court proceeding). In reviewing petitioner's offense of conviction (which involved allegations of sexual misconduct with respect to petitioner's wife's eleven year-old niece), the immigration judge said that there was "literally nothing worse in this Court's view." Dkt. 11-8 at 10:21–23. Having closely reviewed the immigration judge's decision, there is no basis to believe that shifting the burden to the government would have affected the outcome. Thus, the Court need not decide whether the immigration judge erred in placing the burden on petitioner.

Lastly, while petitioner argues his arrest was illegal, he does not demonstrate any illegality that would give rise to release. He was presented with a copy of the warrant after being detained, which is sufficient. He was arrested in a parking lot; while it might have been private property, it was open to the public. And even if the officers used excessive force during the arrest, as petitioner claims, the Court has found no authority that suggests that excessive force during an arrest requires release. Petitioner might be able to seek damages for excessive force, but a habeas petition is not the proper forum for this excessive force claim.

Should petitioner appeal this decision, he may maintain in forma pauperis status on appeal. *See* Fed. R. App. P. 24(a)(3).

The Clerk of Court is respectfully directed to enter judgement and close this case.

SO ORDERED.

Dated: June 15, 2026
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge

2